CLARENCE E. McMANUS, Judge.
At issue in this appeal is whether the trial court’s damage award to plaintiff was manifestly erroneous. For the following reasons, we reverse the trial court’s judgment in part, amend the judgment and affirm as amended.

FACTS AND PROCEDURAL HISTORY

On October 6, 1999, plaintiff, Eugene Meyer, was involved in an automobile accident with defendant, Darren Evans, who was driving a vehicle owned by his employer, Southern Eagle Sales. The accident took place on Tulane Avenue in New Or *747 leans and occurred when defendant turned his vehicle in front of plaintiff. Following the accident, plaintiff went to the Ochsner Hospital emergency room complaining of injuries to his right knee. He returned there a few days later complaining of lower back pain. Plaintiff underwent physical therapy. He did not miss any work and was not confined to bed following this accident. An MRI was not ordered. Mr. Meyer went to physical therapy until November 18, 1999, which was about six weeks after the accident. The physical therapy notes indicate that plaintiff met all long term goals and that his pain was 0 to 2 on a scale of 10. At that time, he was not given any prescriptions for pain medications nor were any future appointments scheduled.
l3On February 27, 2000, plaintiff injured his back at home while bending over to pick up a pair of shoes. A couple of days later, he returned to Ochsner and related that his back pain from the 1999 car accident was essentially gone until this incident. On March 8, 2000, plaintiff again went to Ochsner and stated that he twisted his back while doing work around his house. He also stated that he worked full-time in sales and remained active by running and playing soccer. Plaintiff was ordered to undergo an MRI which showed degenerative changes and disc bulging at the L4-5 and L5-S1 levels and an annular tear at the L5-S1 level. The plaintiff was treated for about two months and then did not see a doctor again for back pain for about 2 years. Plaintiff was last seen at Ochsner on July 26, 2000 to discuss the results of the MRI. The recommended treatment was conservative management with medication and an exercise program.
Plaintiff and his wife filed suit against Evans, Southern and its insurer, Westport Insurance Corporation, in Jefferson Parish seeking damages and lost wages. This matter proceeded to a bench trial on January 29, 2003. The parties agreed that Mr. Evans was at fault for the accident, but disagreed as to the quantum for Mr. Meyer’s injuries. At trial plaintiff testified that he felt better once he completed physical therapy after the accident but did not have “full confidence” in his back. He also testified that he could not perform all the physical activities he did prior to the accident. He confirmed that he received no medical treatment from November 1999 to February 2000. In May 2002, plaintiff saw Dr. Richard Meyer, an orthopedic surgeon, who testified as an expert in this case. Plaintiff complained of back pain that day but apparently did not inform Dr. Meyer of the back injuries he suffered at home in February 2000. He opined that the plaintiffs back pain was due to the car accident, but he admitted that the plaintiff did not tell him about the incident when he hurt his back at home. Dr. Meyer believed that the incident at home when Mr. Meyer hurt his back was an aggravation of his pain and not a new Rinjury. However, if plaintiffs back pain from the car accident was completely resolved before the home injury, then the home injury would be a new injury. Dr. Walter Abbott examined plaintiff in July 2002 at the request of the defendants and opined that plaintiff was functioning at a very high level at the time of the examination. He agreed that if plaintiffs pain was gone then the home injury would be a new injury.
The following exhibits were introduced: police report; vehicle photographs; plaintiffs 1999 W-2 form; depositions of plaintiff and defendant; Ochsner medical records and bills; and rental car expenses. Following the submission of post-trial memoranda, the trial court entered judgment in favor of plaintiff and against defendant awarding $35,000.00 in general damages and $4,556.60 in special damages *748 without issuing written reasons for judgment. This suspensive appeal followed.

DISCUSSION

Defendants argue that the trial court’s judgment is manifestly erroneous and the damage award is excessive in light of plaintiffs self-serving testimony and the medical records. A trial court’s finding of fact may not be reversed absent manifest error or unless clearly wrong. Lasyone v. Kansas City Southern R.R., 00-2628 (La.4/3/01), 786 So.2d 682, 688. The reviewing court must do more than just simply review the record for some evidence which supports or controverts the trial court’s findings. Id. at 688. Instead, it must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Id. at 688. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Id. at 688. The reviewing court must be mindful that if the trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may | snot reverse, even if it would have weighed the evidence differently were it sitting as the trier of fact. Id. at 688.
We find that the trial court’s judgment awarding plaintiff $35,000.00 in general damages is excessive and clearly wrong for an injury that may have persisted from October 1999 through at most May 2000. Plaintiffs medical records indicate that he did not receive any medical treatment for three months from November 1999 through March 2000 indicating that plaintiffs injuries likely resolved during that time. Thus, we reduce the general damages award to $8,000.00. However, we find no abuse of discretion by the trial court in awarding plaintiff $4,556.00 in special damages. The record supports this award.
DECREE
For the foregoing reasons, we vacate the trial court’s judgment and award general damages in the amount $8,000.00 and affirm that portion of the judgment awarding plaintiff $4,556.00 in special damages.

REVERSED IN PART; AMENDED IN PART; AFFIRMED AS AMENDED.